BALFOUR, GUTHRIE & CO., LTD. v. UNITED STATES

No. 4361.—Invoice dated Yokohama, Japan, May 15, 1937.
Certified May 15, 1937.

Entered at New York June 15, 1937.
Entry No. 888682.

(Decided June 28, 1938)

*John F. Kavanagh* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

TILSON, Judge: This appeal to reappraisement involves the proper dutiable value of certain staple fiber imported from Japan and entered for consumption at the port of New York on June 15, 1937, at a value of 14 cents per pound plus packing. It was appraised at $15.79½ per 100 pounds, plus packing. There were 5 bales of this merchandise, weighing 400 pounds each, making a total of 2,000 pounds.

No contention is made that this is not a usual wholesale quantity of such or similar merchandise or that it was not sold in the ordinary course of trade, or that the place where this sale was consummated was not the principal markets of the country from which such or similar merchandise was exported. The only question before me, as I understand it, is whether the proper dutiable value of this merchandise is $14 per 100 pounds, or whether it is $15.79½ per 100 pounds.

In support of its contention that the proper dutiable value of the merchandise is $14 per 100 pounds, the plaintiff introduced the affidavit of H. Hayashi, manager of the export department of the exporter in this case, who swore as follows:

That in behalf of Okura and Company (Trading), Ltd., I sold to Messrs. Balfour, Guthrie & Co., Ltd., of New York, 5 bales of Staple fiber (cut rayon) which was shipped to them by steamship "Noshiro Maru", and is covered by Consular Invoice Bi. 6202, consulated at Yokohama on 15th May 1937.

That this was a sample shipment sold to Balfour, Guthrie & Co., Ltd., merely for the purpose of determining whether or not Balfour, Guthrie & Co., Limited, would find a market for this kind of merchandise in the United States.

That being a sample shipment, the price of same was at $16.00 per 100 pounds plus packing, that we rendered commercial invoice to Balfour, Guthrie & Co., Limited, at that unit price, which included C. I. F. charges.

That in making out the Consular invoice, the price of $14.00 per 100 pounds plus C. I. F. charges added, amounting to $0.02 a pound, or making a total unit value of $16.00 per 100 pounds.

That the price of $14.00 per 100 pounds C. I. F. New York was the price not only for sample quantities, but was also the freely offered price in any quantities of identical merchandise offered by our competitors in the principal markets of Japan, for export to the United States as well as for home consumption at the time of the exportation of the merchandise involved herein, to wit, the late spring and early summer of 1937.

That the reason the foregoing statement is made is that I, as the Manager of Export Department of Okura & Company (Trading), Ltd., of Yokohama, have to make it my business to be thoroughly acquainted with the price of this kind of merchandise sold and offered for sale by our competitors in Japan, and that I do so by daily consulting the sales and offers for sale as published in trade papers and by personal contact with other firms in the same line of business as that of Okura and Company (Trading) Limited.

The defendant introduced in evidence what is referred to as a special agent's report, marked Exhibit 3, but which in reality is nothing more than a letter transmitting what is headed: "STAPLE FIBER QUOTATIONS." This paper is dated May 10, 1937, and shows under "Bright" 53 yen, and is signed by a typewriter carbon, "K. YAMADA JAPAN STAPLE FIBER MANUFACTURERS' ASSOCIATION." Whether or not the figures on Exhibit 3 represent the price at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment, there is nothing before me to indicate.

Concerning this exhibit, when offered by the defendant, the trial judge stated:

*I don't think it has very much weight,* but it may be admitted and marked Exhibit 3. [Italics mine.]

Exhibit 4, offered by the defendant, is similar to Exhibit 3, except it is dated May 25, 1937, and shows under "Bright" 54.50 yen and under "Dull" 57. My observations concerning Exhibit 3 are equally applicable to Exhibit 4.

Collective Exhibit 6 consists of two invoices, one dated May 11, 1937, showing a sale to Kanebo Bros. of New York City of 125 bales of "Staple Fiber" at a price of $15.795 per 100 pounds, and another invoice dated May 8, 1937, showing a sale to Kanebo, Inc., of New York City, of 125 bales "Staple Fiber—Bleached," at a price of $15.795 per 100 pounds. My observations with reference to Exhibit 3 are

also applicable to Collective Exhibit 6. Collective Exhibits 7 and 8 show a similar state of facts to those shown by Collective Exhibit 6, except that on the blue invoices, forming a part of Collective Exhibits 7 and 8, it is apparent that certain figures have been changed.

Although the white invoice, comprising a part of Collective Exhibit 7, shows a total of $17,285.16, the blue invoice, comprising a part of the same collective exhibit, shows a total of only $15,950. Likewise the white invoice, comprising a part of Collective Exhibit 8, shows a total of $16,703.10, while the blue invoice shows a total of $15,370, although the president of Kanebo testified that the invoices in said exhibits, respectively, covered one and the same shipment. This witness also testified that the unit prices shown on said invoices was f. o. b. Kobe, and also included certain charges. In this connection it should be remembered that the price of $16 per 100 pounds referred to in Exhibit 2, included c. i. f. charges to New York.

Although Examiner Bishop stated that he examined twelve millions of pounds of staple fiber during the year 1937, and that he based his advance in this case on similar merchandise, he was permitted to testify that the merchandise in this case was similar to that in the case upon which he based his advance, and this without producing a sample of that which he claimed to be similar to that in this case, for comparison.

This witness also admitted that although the so-called quotations in Exhibits 3 and 4 were in yen, he did not appraise the merchandise in this case at a yen value, and that he did not know what amount in yen per 100 pounds his $15.795 per 100 pounds appraisement amounted to.

After a careful examination and consideration of all the evidence before me, and the unsatisfactory nature of the evidence, both oral testimony and documentary evidence, offered by the defendant, I find that the proper dutiable value of the merchandise in this case is the entered value, as that term is defined in section 402 (d) of the Tariff Act of 1930. Judgment will be rendered accordingly.